Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GEORGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTHOUSE PROPERTIES REAL ESTATE SERVICES, INC., individually and d/b/a "Lotus Estate Properties," a California Corporation; ME PROPERTIES, INC., a California Corporation; NILAND PROPERTIES, a business entity of form unknown; STEPHANIE RONCA, an individual; SOTHEBY'S INTERNATIONAL REALTY, INC., a Michigan Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

1
COMPLAINT

ADAM GEORGE, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ADAM GEORGE ("GEORGE") is an individual residing in Westlake Village, CA 91361.

5. Plaintiff is informed and believes and thereon alleges that Defendant LIGHTHOUSE PROPERTIES REAL ESTATE SERVICES, INC., individually and doing business as "LOTUS ESTATE PROPERTIES" ("LOTUS") is a California corporation with its principal place of business at 3121 Washington Blvd. Marina del Rey, California 90292.

6. Plaintiff is informed and believes and thereon alleges that Defendant ME PROPERTIES, INC. ("ME PROPERTIES") is a California corporation with its principal place of business at 704 La Leita Circle, Sacramento, California 95864.

7. Plaintiff is informed and believes and thereon alleges that Defendant NILAND PROPERTIES ("NILAND") is a business entity of form unknown with its principal place of business at 11538 San Vicente Blvd. Los Angeles, California 90049, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant STEPHANIE RONCA ("RONCA") is an individual residing in California and

conducting business within California at 3590 Broad Street, Suite 130, San Luis Obispo, California 93401.

9. Plaintiff is informed and believes and thereon alleges that Defendant SOTHEBY'S INTERNATIONAL REALTY, INC. ("SOTHEBY'S") is a Michigan corporation with its principal place of business at 175 Park Avenue, Madison, New Jersey 07940, and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO USE OF PHOTOGRAPHIC IMAGES**

12. Plaintiff GEORGE owns an original photograph ("Subject Work") that has been registered with the United States Copyright Office.

13. Plaintiff is informed and believes and thereon alleges that following GEORGE's creation of the Subject Work, Defendants, and each of them used the

Subject Work without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use in articles and advertising on websites:

    a. By LOTUS at http://www.lotusestateproperties.com/

    b. By ME PROPERTIES at missyecheverria.com/communities/

    c. By NILAND at nilandproperties.com/venice/

    d. By SOTHEBY'S and RONCA at http://www.stephanieronca.com/get-to-know-silicon-beach/

14. An image of the Subject Work and an exemplar of the offending uses are set forth hereinbelow:

**Subject Work**



**Exemplar of Offending Use**



# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

15. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Work, including, without limitation, through viewing the Subject Work on Plaintiff's website or viewing the Subject Work on a third-party websites (e.g., Tumblr, Pintrest, etc.).

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images of the Subject Work, and exploited said images in multiple website posts without Plaintiff's authorization or consent.

18. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

19. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Work in an amount to be established at trial.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

21. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information on the copy of at least one Subject Photograph ("Mislabeled Copy"), and distributing copyright management information for the Mislabeled Copy with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the Mislabeled Copy, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under

section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the Mislabeled Copy.

24. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants, and Each:

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs and Subject Work, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs or the Subject Work from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available,

statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

   c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

   d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

   e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

   f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

   g. That Plaintiff be awarded pre-judgment interest as allowed by law;

   h. That Plaintiff be awarded the costs of this action; and

   i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 13, 2016        By:  /s/ Stephen M. Doniger

Stephen M. Doniger, Esq.
Frank Gregory Casella, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff